Albert **MEREDITH**, Plaintiff-Appellant,

v.

**RINGLING BROTHERS BARNUM AND BAILEY COMBINED SHOWS, INC.,** and State Automobile Mutual Insurance Company, Defendants-Appellees.

No. 15163.

United States Court of Appeals Sixth Circuit.

July 31, 1963.

John Ruffalo, Youngstown, Ohio (James A. Wright, Youngstown, Ohio, on the brief), for appellant.

William E. Pfau, Youngstown, Ohio (William E. Pfau, Jr., Youngstown, Ohio, on the brief), for appellee.

Before WEICK and O'SULLIVAN, Circuit Judges, and PECK, District Judge.

JOHN W. PECK, District Judge.

By this action plaintiff sought to recover damages resulting from the destruction by fire of a barn containing horses and other personal property owned by him. If the other essentials of plaintiff's case were adequately supported, there was sufficient evidence on the issue of whether the fire was originated by a negligent act of an employee of the defendant Ringling Brothers Barnum and Bailey Combined Shows, Inc. (hereinafter referred to as the defendant) to permit the question of causation to go to the jury. The trial court having directed a verdict for the defendant, the principal question here presented is therefore whether there was sufficient evidence in the record to require submission of the issues of agency and scope of employment for jury determination.

The destroyed barn was owned by the Canfield, Ohio, Fair Board and was then and had for some years been leased by it to plaintiff. Other parts of the premises, including the grandstands, bleachers, and land adjacent thereto, but not including the barn, were then occupied under a three-day written lease agreement by defendant for circus purposes. On the second day the fire occurred.

The only evidence, if it be that, directly on the agency-scope of employment questions was contained in two bits of the testimony of the plaintiff himself in which he was permitted to repeat statements made by two of defendant's employees. One of them was Joseph Stametz, whose negligence is alleged to have caused the fire. Over objection, plaintiff was permitted to make the following answer: "I asked [Stametz] what he was doing, and he told me he was connecting the hose [to a spigot at the end of the barn]; he told me 'I am using the hose,' and he said 'I have to keep this hose on here because we are using the water

for the circus.' " [1] This conversation took place the afternoon before the day of the fire.

Plaintiff further testified that Charles White, the defendant's "superintendent of props," said to Stametz, also the day before the fire, " 'There is the hose, put it on.' I stepped out, and said 'what do you mean "put the hose on" ? ' I said 'you will not.' He said 'I am Charlie White,'—either he said 'I am the foreman or the boss of the circus,' and I said 'I am using these quarters, it is my quarters.' " As in the earlier instance, a motion to strike this testimony was denied.

Since both of these items of testimony were permitted to remain in the record (and we are not here passing upon the correctness of the rulings denying the motions that they be stricken), it must be presumed that they were taken into consideration by the trial court in sustaining the motion for a directed verdict at the close of plaintiff's case. It must further be presumed that they were in the mind of the trial judge when, in overruling plaintiff's motion for a new trial, he stated, "There is no evidence, however, that Joseph Stamats [sic] was about the business of the defendant at the time of this act. The evidence seems clear that at the time of the fire [Stametz] had no duties to perform for the defendant." The evidence referred to includes testimony that while Stametz was always subject to call he was employed by the week and that the fire did not occur during his duty hours; that when seen smoking in the barn shortly prior thereto, he was urinating and presumably entered the barn for that purpose; and that the hose that Stametz fastened to the spigot on the barn belonged to White personally and had no connection with the circus. Against this record background, viewing the evidence in the light most favorable to the plaintiff, as he expressly did, the

trial judge was justified in finding that there was no evidence that the defendant and Stametz stood in the relationship of master and servant at the time involved, nor that any act done by Stametz at that time was done in the scope of his employment as an employee of the defendant.

Adopting, as we do, the view that it was not error for the trial court to direct a verdict for defendant at the close of the plaintiff's case, it becomes unnecessary to here consider plaintiff's other contentions, and the judgment is affirmed.

---

[1] Without attempting to weigh portions of plaintiff's evidence, it may be noted that not only is there no corroboration for the statement that the water was being used "for the circus," but elsewhere plaintiff's evidence conclusively shows that the water was for the personal use of circus personnel billeted in privately owned trailers and other vehicles in the area to which the hose ran.